ON PETITION FOR REHEARING GRANTED
CARROLL, DONALD K., Acting Chief Judge.
In these two original proceedings in prohibition the respondent has filed petitions for rehearing and clarification addressed to our recent decisions in which we issued *288 absolute rules prohibiting the respondent from further proceeding in these causes. We grant the petitions for rehearing and clarification, and, upon such rehearing and reconsideration, we have decided to adhere to our decisions to issue the said rules absolute, upon the following ratio de-cidendi :
These two proceedings before us are identical in every substantial respect, so in the discussion below we will write as though only one proceeding is involved, with the understanding that what is said about one proceeding is equally applicable to the other.
The suggestion in prohibition alleges— and the respondent admits in his return to the rule nisi in prohibition which we have hitherto issued — the occurrence of the following events pertinent to our present consideration.
The suggester Reynolds was charged by information in the Circuit Court for Leon County on February 16, 1971, with the crime of receiving stolen property, and the suggester Utley with the crime of breaking and entering a building with intent to commit a felony.
On April 1, 1971, the suggester, pursuant to Rule 3.191 (formerly Rule 1.191), Florida Rules of Criminal Procedure, 33 F.S.A., reported in Fla., 245 So.2d 33, filed a demand for speedy trial.
On April 29, 1971, the date set for the trial, the State was unable to bring the suggester’s case to trial because (alleges the suggester) “of other cases being tried.”
No further proceedings were had with respect to the suggester’s case until June 7, 1971, the opening day of the new term of court, when a new trial date was set for July 14, 1971, by which date more than 60 days had elapsed since the filing of the demand for speedy trial. On June 12, 1971, this court issued its constitutional stay writ staying all proceedings in the trial court “pending further order of this court.”
On June 8, 1971, the suggester filed a motion for discharge on the ground that over 60 days had elapsed since the filing of his demand for speedy trial, alleging that no order of continuance had intervened.
On June 11, 1971, the said motion for discharge was heard by the respondent and denied.
The suggestion alleges therefore, that the respondent lacks the authority to have suggester brought to trial, and that prohibition is, therefore, an appropriate remedy to restrain the conducting of the scheduled trial, and to order the discharge of the suggester from custody. We agree that prohibition, for that reason, is an appropriate remedy.
In addition to agreeing to the above timetable of events, the respondent alleges in his return to the rule nisi that other circumstances existed, such as the fact that on April 1, 1971, the case was brought up for trial but that the court granted the State’s motion for a continuance because a material witness was hospitalized. The court also noted the fact that on April 29 the case was continued because of another case already docketed for trial. This later circumstance does not, in our opinion, qualify as “exceptional circumstances” as defined in Rule 3.191, quoted below, as authorizing continuances — in fact the alleged circumstances come close to fitting the description in the rule of circumstances not constituting “exceptional circumstances”, such as “general congestion of a court’s docket.”
By issuing our rule nisi we held in effect that the suggestion stated a prima facie case for the issuance of the writ of prohibition. We adhere to our said holding.
The procedural rule basically involved in these proceedings is Rule 3.191, Florida *289 Rules of Criminal Procedure, which rule was promulgated by the Supreme Court of Florida on February 24, 1971, and provides in pertinent part as follows:
“(a) (2). Speedy Trial Upon Demand.—
Except as otherwise provided, and subject to the limitations imposed under section (c) hereof, every person charged with a crime, by indictment or information or trial affidavit, shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days, unless the State is granted a continuance because of exceptional circumstances as defined in this Rule, and if not brought to trial within such period of time following such demand shall upon motion timely filed with the court and served on the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during said period of time. The time period established by this section shall commence when such demand has been properly filed and served. If such person is serving in Florida or elsewhere a sentence of imprisonment for an unrelated crime, the operation of this section shall not be effective until such person is no longer imprisoned and becomes available for trial, nor until such person has abandoned or waived further proceedings under § (b) (2) of this Rule if such have been initiated.
‡ ‡ ‡ ‡
“(f). Exceptional Circumstances.—
As permitted by this Rule, the court may order an extension of time or continuance where exceptional circumstances are shown to exist; exceptional circumstances shall not include general congestion of the court’s docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
“Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court. Such circumstances include (i) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial; (ii) a showing by the State that the case is so unusual and so complex, due to the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate investigation or preparation within the periods of time established by this rule; (iii) a showing by the State that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time; provided, not more than two continuances shall be granted on this ground; (iv) a showing by the accused or the State of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial; (v) a showing that a delay is necessary to accommodate a codefendant, where there is reason not to sever the cases in order to proceed promptly with trial of the defendant; (vi) a showing by the State that the accused has caused major delay or disruption of preparation of proceedings, as by preventing the attendance of witnesses or otherwise.
“Under the foregoing circumstances, the Court may set a new trial date within a reasonable time.
* * * * * *
“(i). Schedule.—
(1) This Rule shall be effective and govern the trial dates of all persons taken into custody after 12:01 a. m., on March 1, 1971; however, all time computations under this Rule shall not begin until 30 *290 days after the above date so that the trial courts may arrange their trial calendars to comply with this rule. * * * ”
Rule 3.191 was promulgated by the Supreme Court of Florida in accordance with its exclusive constitutional power to promulgate rules of procedure for the courts of this state. Section 16 of the Declaration of Rights in the Florida Constitution of 1968 provides that in all criminal prosecutions the accused shall have the right “to have a public and speedy trial * *
The Sixth Amendment to the United States Constitution provides: “In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * This guarantee of a speedy trial is applicable to the states by virtue of the due process of law clause of the Fourteenth Amendment. See Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).
It seems to us that the respondent failed to comply with the provisions of Rule 3.191 when he denied the suggester’s motion for discharge. The suggester was entitled to his discharge in accordance with his demand for trial unless he was tried by May 31, 1971, and yet on June 7 (seven days after the 60-day period had elapsed), the respondent set a new trial date for July 14 (44 days after such period had elapsed). There were no continuances in this case for reasons recognized in Rule 3.191, and the respondent’s return fails to allege any “exceptional circumstances” under the above Rule that would authorize an extension of time.
The only way we could uphold the respondent’s rulings herein would be for us to amend Rule 3.191, but this court has no power to do this, for the Constitution of Florida, as above noted, gives the exclusive power to promulgate procedural rules for the courts of this state to the Supreme Court of Florida, so trial judges and prosecutors who experience difficulty in living up to the strict requirements of Rule 3.191 must seek their relief in the Florida Supreme Court, not here.
Indisputably, the right to a speedy trial is one of the most sacred and important rights guaranteed by the United States and the Florida Constitutions. It is common knowledge that the said right has been flagrantly ignored by many courts in this country, and strict rules like Rule 3.191 represent the enlightened effort of many courts to implement the constitutionally-guaranteed right to a speedy trial.
One of the most difficult tasks confronting every judge in criminal prosecutions is to strike a fair balance between the rights of the defendant and the rights of society. Rule 3.191, in our opinion, represents an outstanding effort to strike that fair balance.
However, by way of pure obiter dictum, we observe that we do not see how any rule can declare that a fixed period like 60 days is reasonable in all the situations occurring in all of the 67 counties in this state, some with great populations and others with very small. For instance, in a small county a prosecutor without assistants or investigators during a crime wave might find it impossible to live up to Rule 3.191. Perhaps one of the dividends flowing from that rule would be the putting of pressure on the trial judges and prosecutors, who would pass on this pressure to their legislators to provide funds for a sufficient staff of assistant prosecutors and investigators, so that they can prepare for trials in accordance with Rule 3.191, as well as enough judges to hear the case. Thus, in time, the strict requirements of the rule would become fair and workable to all concerned.
The only authority cited by the respondent in the instant petitions for rehearing in support of his position is In Re Florida Rules of Criminal Procedure, Case No. 40,827 in the records of the Florida Supreme Court, opinion filed on August 1971, 251 So.2d 537. In that opinion the Supreme *291 Court amended the provision in Rule 3.191 (i) (2), and in that opinion the Supreme Court stated that Rule 3.191 “was adopted by this court as an emergency matter ‘until further order of this court.’ ” The Supreme Court then amended the mentioned provision. That provision is not pertinent in the present consideration, but that opinion, we think, does indicate that our Supreme Court is ready and willing to amend Rule 3.191 when reasons therefor are presented to that court. As stated above, we have no power to amend the said rule.
For the foregoing reasons our decisions to issue the rules absolute in prohibition are adhered to and the petitions for rehearing are denied.
RAWLS and JOHNSON, JJ., concur.