281 So.2d 384 (1973)
Glenn W. TURNER, Petitioner,
v.
R. Hudson OLLIFF, Etc., Respondent.
Randall H. HUBBARD, Petitioner,
v.
R. Hudson OLLIFF, Etc., Respondent.
Nos. S-416, S-417.
District Court of Appeal of Florida, First District.
August 2, 1973.
Rehearing Denied September 7, 1973.
James M. Russ, Orlando, and Albert J. Datz of Datz, Jackson & Dusek, Jacksonville, for petitioners.
Robert L. Shevin, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for respondent.
*385 PER CURIAM.
Two defendants in criminal prosecutions in the Circuit Court for Duval County have filed in this court these original consolidated proceedings to prohibit the respondent judge from taking jurisdiction of these prosecutions under the "speedy trial rule."
In his petition for writ of prohibition (Case No. S-416) the petitioner Glenn W. Turner substantially alleges as follows: that on January 23, 1973, he filed in the respondent trial court a sworn motion for discharge pursuant to Florida Criminal Procedure Rule 3.191(d)(1), 33 F.S.A., together with supporting affidavits, on which motion the said petitioner requested the respondent to discharge him from further criminal prosecution on the ground that his speedy trial rights under Rule 3.191, Florida Rules of Criminal Procedure, and under the Sixth Amendment to the United States Constitution had been violated.
Copies of the record attached to the motion for discharge show that in April of 1972, the grand jury of Duval County indicted both petitioners for conspiracy with others to violate the Florida Securities Act. On May 6, 1972, the petitioner Turner was arrested on a capias issued in connection with this indictment. He posted bail and was released. The case was set for trial on July 24, 1972. On July 13, 1972, at a hearing in open court, the prosecution sought a continuance on the felony and misdemeanor charges, but the defendants orally demanded a speedy trial under Rule 3.191.
Under the speedy trial time limits, the misdemeanor charge would have to be tried by August 5, 1972, and the felony charge by November 5, 1972.
Nevertheless the trial court granted the continuance and scheduled trial for October 16, 1972.
On October 8, 1972, an agreement was reached between the prosecution and the defendants that the defendants would waive their rights to a speedy trial if the prosecution would furnish a list of dissatisfied customers, but the prosecution failed to honor this agreement.
On January 26, 1973, the petitioner filed his motion for discharge under the speedy trial rule, but the trial court denied this motion by order dated January 29, 1973.
The Florida Speedy Trial Rule, involved in these proceedings, Rule 3.191, Florida Rules of Criminal Procedure, provides in pertinent part:
"(a)(2). Speedy Trial Upon Demand. Except as otherwise provided, and subject to the limitations imposed under section (c) hereof, every person charged with a crime, by indictment or information or trial affidavit, shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days, unless the State is granted a continuance because of exceptional ciircumstances as defined in this Rule, and if not brought to trial within such period of time following such demand shall upon motion timely filed with the court and served on the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during said period of time. The time period established by this section shall commence when such demand has been properly filed and served. If such person is serving in Florida or elsewhere a sentence of imprisonment for an unrelated crime, the operation of this section shall not be effective until such person is no longer imprisoned and becomes available for trial, nor until such person has abandoned or waived further proceedings under § (b)(2) of this Rule if such have been initiated.
"(d)(1). Motion for Discharge; Trial; When Timely. A motion for discharge shall be timely if filed and served on or after the expiration of the periods of time for trial provided for herein; however, *386 a motion for discharge filed before expiration of the period of time for trial shall be deemed effective only as of the date of expiration of the period of time for trial.
"(d)(2). When Time May Be Extended. The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing, or (ii) on the court's own motion or motion by either party in exceptional circumstances as hereafter defined, or (iii) with good cause shown by the accused upon waiver by him or on his behalf, or (iv) a period of reasonable and necessary delay resulting from proceedings including but not limited to an examination and hearing to determine the mental competency or physical ability of the defendant to stand trial, for hearings on pretrial motions, for interlocutory appeals, and for trial of other pending criminal charges against the accused. For the purposes of this Rule, any other delay shall be unexcused."
Rule 3.191 was promulgated by the Supreme Court of Florida in accordance with its exclusive constitutional power to promulgate rules of procedure for the courts of this state. Section 16 of the Declaration of Rights in the Florida Constitution of 1968, F.S.A., provides that in all criminal prosecutions the accused shall have the right "to a public and speedy trial... ."
The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ..." This guarantee of a speedy trial is applicable to the states by virtue of the due process of law clause of the Fourteenth Amendment. See Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).
As we said in State ex rel. Reynolds v. Willis, 255 So.2d 287 (Fla.App. 1971):
"The only way we could uphold the respondent's rulings herein would be for us to amend Rule 3.191, but this court has no power to do this, for the Constitution of Florida, as above noted, gives the exclusive power to promulgate procedural rules for the courts of this state to the Supreme Court of Florida, so trial judges and prosecutors who experience difficulty in living up to the strict requirements of Rule 3.191 must seek their relief in the Florida Supreme Court, not here.
"Indisputably, the right to a speedy trial is one of the most sacred and important rights guaranteed by the United States and the Florida Constitutions. It is common knowledge that the said right has been flagrantly ignored by many courts in this country, and strict rules like Rule 3.191 represent the enlightened effort of many courts to implement the constitutionally-guaranteed right to a speedy trial."
The defendants' motion for discharge came on to be heard before the respondent on January 26, 1973. The State did not traverse the allegations of the motion, but the respondent by his order dated January 29, 1973, denied the motion for discharge.
At the end of his petition Turner prayed for an alternative writ of prohibition prohibiting the respondent from proceeding with the prosecution or show cause why a peremptory writ of prohibition should not issue.
The allegation in the petition of the petitioner Randall H. Hubbard was substantially the same as in Turner's petition.
This court held a hearing on the sufficiency of the two petitions, and this court entered an order dated January 31, 1973, in which we ordered the respondent "to file your return to this Rule, showing cause, if any you have, on or before February 20, 1973, why a peremptory Writ of Prohibition should not be issued as suggested by *387 the petitioner prohibiting you from holding a trial of the Petitioner" or "any other hearing in this cause until the issues raised in this matter have been determined and disposed of by this Court."
The respondent has failed to file a return to our rule to show cause, although ordered to do so in our rule to show cause dated January 31, 1973.
In entering our rule to show cause we necessarily held that a prima facie case for the issuance of the writ of prohibition had been alleged in the petitions.
Accordingly, the peremptory writ of prohibition is issued prohibiting the respondent from taking jurisdiction of the two petitioners in the criminal prosecutions in question.
Rule absolute in prohibition issued in both proceedings.
RAWLS, C.J., and CARROLL, DONALD K., and WIGGINTON, JJ., concur.