383 So.2d 646 (1980)
Thomas E. GORDON, Jr., D.D.S., Petitioner,
v.
Dr. Alvin SAVAGE et al., Respondents.
No. 79-507.
District Court of Appeal of Florida, Fifth District.
March 12, 1980.
*647 J. Russell Hornsby, Orlando, for petitioner.
L. Haldane Taylor, Jacksonville, for respondents.
UPCHURCH, Judge.
Petitioner, Dr. Thomas E. Gordon, a practicing dentist, seeks a Writ of Prohibition to prevent Respondents, Dr. Alvin Savage, et al., acting as the State Board of Dentistry and the Department of Professional Regulation, from proceeding further against him.
We decline to issue the Writ.
Petitioner, invoking this court's original jurisdiction under Florida Rules of Appellate Procedure 9.030(b)(3), presents the following question:
WHETHER A WRIT OF PROHIBITION SHOULD ISSUE TO PROHIBIT RESPONDENTS FROM PROCEEDING FURTHER DUE TO RESPONDENTS DELAY OF 104 DAYS IN REFILING AN ADMINISTRATIVE ACCUSATION FOLLOWING DISMISSAL BY A HEARING OFFICER OF THE ORIGINAL ACCUSATION.
A Writ of Prohibition is not a writ granted as a matter of right, but rather is one of sound judicial discretion, to be granted or refused according to the facts and circumstances of the particular case. 25 Fla.Jur. Prohibition § 7 (1959). It may be granted generally only when it is shown that the lower tribunal is without jurisdiction or is attempting to act in excess of its jurisdiction. English v. McCrary, 348 So.2d 293 (Fla. 1977). The Writ will be issued only in emergency cases to forestall an impending present injury where no other appropriate and adequate legal remedy exists. Joughin v. Parks, 107 Fla. 833, 147 So. 273 (1933). It will lie against any person assuming judicial or quasi-judicial power, although not technically a court. State ex rel. Swearingen v. Railroad Comm'rs of Florida, 79 Fla. 526, 84 So. 444 (1920). Prohibition is proper when an administrative board is exceeding its jurisdiction in not proceeding in accordance with the essential requirements of law. State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (Fla. 1st DCA 1974).
The facts which we are concerned reflect that after Respondents initiated an Administrative *648 Accusation against Petitioner seeking revocation or suspension of his license to practice, Petitioner requested a formal hearing. The hearing officer's order adopted Florida Administrative Code, chapter 28-5 pertaining to formal proceedings. The order also states the intention that the hearing be held within ninety days absent good cause for an extension.
The hearing was set for early May, 1979, but was rescheduled for July 25, 1979, and then because of a conflict of Petitioner's attorney, for August 29, 1979. On August 29, the hearing officer entered an order granting Petitioner's Motion to Dismiss with Leave for Respondents to Refile.
One hundred four days later, a new Administrative Accusation was filed charging Petitioner with the same five counts of violation as in the first Accusation. Petitioner contends that Florida Administrative Code, chapter 28-5, and more specifically Rule 28-5.25, adopts the Florida Rules of Civil Procedure which mandate dismissal with prejudice because Respondents failed to comply with the twenty-day amendment period for pleadings as specified in Rule 1.190. In the alternative, Petitioner asserts Respondents are guilty of laches for failing to amend within a reasonable time.
First, we shall examine Petitioner's contention that Respondents have violated Florida Rules of Civil Procedure 1.190 by not refiling within twenty days. The Florida Administrative Procedure Act, section 120.53(1)(c), Florida Statutes (1977) provides that agencies shall adopt rules of procedure. The Rules of the Administrative Commission were adopted pursuant to this authority and apply to all proceedings in which substantial interests are determined by an agency. Florida Administrative Code Rule 28-5.01. Rule 28-5.25, which applies to formal proceedings, provides:
To the extent that the rules of discovery in the Florida Rules of Civil Procedure are not inconsistent with Ch. 120, F.S., the rules of discovery of the Florida Rules of Civil Procedure shall be applicable.
This rule is a limited adoption of the Rules of Civil Procedure and cannot be interpreted as adopting the amendment guidelines and procedures of Rule 1.190. Florida Administrative Code, chapter 28, does not specify a time to refile or to amend complaints, nor did the hearing officer's order.
It is not necessary to examine the elements of laches as delineated in The Florida Bar v. McCain, 361 So.2d 700 (Fla. 1978), because prohibition does not lie as a result of denial of affirmative defenses available to a party. Mullin v. Department of Administration, 354 So.2d 1216 (Fla. 1st DCA 1978), cert. denied, 359 So.2d 1217 (Fla. 1978).
Petitioner also contends that because the proceeding is essentially criminal in nature the speedy trial rule, Florida Rules of Criminal Procedure 3.191(a)(1) applies, and the failure to provide a formal hearing within ninety days of petitioner's request requires dismissal. Prohibition is a proper remedy in a criminal case when the state fails to comply with the speedy trial rule. Turner v. Olliff, 281 So.2d 384 (Fla. 1st DCA 1973). An Administrative Accusation, as involved here, is not a criminal proceeding because its purpose is to inquire into Petitioner's fitness to practice dentistry. See Lewis v. State Bar, 9 Cal.3d 704, 108 Cal. Rptr. 821, 511 P.2d 1173 (1973). Therefore, procedures governing criminal proceedings are inapplicable, especially since they have not been adopted as the governing rules of procedure. Even the Florida Rules of Criminal Procedure support such a result. Rule 3.010 states: "[t]hese rules shall govern the procedure in all criminal proceedings in State courts... ." Rule 3.191 provides that the speedy trial provision applies to "... every person charged with a crime by indictment or information... ." An Administrative Accusation is not an indictment or information; it is only the basis for an inquiry into probable cause.[1]
*649 Finally, petitioner argues he has been deprived of due process because of the delay between initiation of the proceedings and a formal hearing. The right to a prompt inquiry into criminal charges is fundamental and the State is obligated to provide a prompt hearing to prevent interference with the defendant's fair opportunity to defend himself. Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). Prejudice to one's defense by reason of the delay is required. State v. Griffin, 347 So.2d 692 (Fla. 1st DCA 1977). Petitioner did not demonstrate, other than by claims of prejudice of a general nature, that the delay caused any inconvenience.
While Petitioner has failed to demonstrate a basis for issuance of the Writ, we emphasize that the Fifth and Fourteenth Amendment guarantees of procedural due process ensure that proceedings to suspend or revoke Petitioner's license to practice dentistry must be essentially fair. Annot., 98 L.Ed. 851 (1954). Any denial of due process which Petitioner demonstrates in the conduct of the hearing or as a result of unreasonable delay in conducting the hearing may be raised in an appeal upon entry of the final order at the conclusion of the administrative hearing.
Writ of Prohibition is DENIED.
DAUKSCH, C.J., and CROSS, J., concur.
NOTES
[1] It is significant to note that a portion of the delay was occasioned by a change in the procedure by which professions are regulated. Ch. 455, Fla. Stat. (1979). Effective July 1, 1979, Ch. 79-36, Laws of Fla. created the Department of Professional Regulation. See § 455.225, Fla. Stat. (1979).