432 So.2d 117 (1983)
Maurice HODGE, M.D., Appellant/Cross-Appellee,
v.
DEPARTMENT OF PROFESSIONAL REGULATION OF the STATE OF FLORIDA, Appellee/Cross-Appellant,
and the Board of Medical Examiners of the State of Florida, Appellee.
No. 82-15.
District Court of Appeal of Florida, Fifth District.
April 27, 1983.
Rehearing Denied June 6, 1983.
*118 Frank R. Pound, Jr. of Lovering, Pound & Lober, P.A., Cocoa, for appellant/cross-appellee.
Deborah J. Miller of Simon, Schindler & Hurst, Miami, and Joseph W. Lawrence, II, Div. Director, Dept. of Professional Regulation, Tallahassee, for appellees/cross-appellants.
SHARP, Judge.
Dr. Hodge appeals the Board of Medical Examiner's final order, which determined he violated provisions of the Medical Practice Act[1] and the Florida Comprehensive Drug Abuse Prevention and Control Act.[2] The Department of Professional Regulation had filed a twenty-nine count complaint against Dr. Hodge. The hearing officer concluded there was sufficient substantial evidence to establish violations of twenty-two of the counts, and the Board adopted these findings.[3] After a careful review of the record, we agree except as to two counts which dealt with diversion of drugs to Mrs. Hodge.[4] The other charges were sufficiently serious to merit the action that the Board took and the penalty it imposed,[5] but in view of our reversal of two counts, we remand this matter to the Board so that it may reconsider its choice of penalty, if it elects to do so.
The attorney representing the appellees filed a cross-appeal on behalf of the Department of Professional Regulation urging that the Board erred because it allowed Dr. Hodge to address it prior to determining his penalty.[6] The hearing examiner had recommended that Dr. Hodge's medical license be permanently revoked, but the Board suspended his license for three months and imposed a five year probationary status upon reinstatement. Prior to announcing its penalty, a member of the Board asked Dr. Hodge to make a statement. He denied the charges and sought to mitigate them. He had not testified at the hearing before the hearing examiner.
We find no merit in the Department's cross-appeal. Section 120.57(1)(b)(5), Florida Statutes (1981), clearly defines what the record is in an administrative proceeding of this nature. It would indeed be improper for the Board to consider new evidence or testimony regarding its acceptance or rejection of the hearing officer's findings of fact.[7] But in this case, the Board fully adopted those findings. Section 120.57(1)(b)(9), Florida Statutes (1981), allows the Board, based on the special knowledge of the members of the profession involved, to accept or reduce the recommended penalty. See Erwin v. State of Florida Department of Professional and Occupational Regulation, 320 So.2d 2 (2d DCA 1975), cert. denied, 334 So.2d 605 (Fla. 1976). The penalty imposed in this case was within the limits of the applicable statute.[8]
We see nothing amiss in the Board's allowing Dr. Hodge to make a statement prior to announcing its determination of the appropriate penalty to be imposed. Section 120.57, Florida Statutes (1981), does not expressly *119 forbid this practice, and it strikes us as basically fair and just. A convicted criminal has long been allowed to speak on his own behalf, in mitigation and denial, before sentence is imposed. Although this is not a criminal procedure, the loss of a professional license is a sufficiently serious loss to an individual to justify affording him similar consideration and fair treatment.
Accordingly, we affirm the order appealed, deny the cross-appeal, and remand this cause to the Board so that it may reconsider the penalty imposed. We further award Dr. Hodge an attorney fee for defending the cross-appeal pursuant to section 57.105, Florida Statutes (1981), and we direct the Board to set an appropriate fee.
AFFIRMED AND REMANDED.
ORFINGER, C.J., and COWART, J., concur.
NOTES
[1] §§ 458.301-458.349, Fla. Stat. (1981).
[2] §§ 893.01-893.15, Fla. Stat. (1981).
[3] § 120.57(1)(b)(9), Fla. Stat. (1981).
[4] The hearing officer found Hodge guilty in two of the three counts dealing with this matter. However, we find no evidence to support his finding that Dr. Hodge knew of or participated in the diversion of drugs to his wife.
[5] § 120.68(10), Fla. Stat. (1981).
[6] At the oral argument of this case we inquired which of the two clients  the Board or the Department  appellee/cross-appellant's attorney was representing. With considerable embarrassment, counsel admitted the two positions in this case were necessarily adverse. This conflict of interest should be avoided by retaining separate counsel to handle any cross-appeal adverse to the other appellee.
[7] Department of Transp. v. J.W.C. Co., Inc. (Fla. 1st DCA 1981).
[8] § 458.331(2), Fla. Stat. (1981); § 893.11, Fla. Stat. (1981). See Florida Real Estate Comm'n v. Webb, 367 So.2d 201 (Fla. 1978); School Bd. of Pinellas County v. Noble, 384 So.2d 205 (Fla. 1st DCA 1980); Sapp v. Florida State Bd. of Nursing, 384 So.2d 254 (Fla. 2d DCA 1980); Bach v. Florida State Bd. of Dentistry, 378 So.2d 34 (Fla. 1st DCA 1980).