HOBSON, Acting Chief Judge.
Charles and Delores Harriston, plaintiffs below, appeal an order dismissing with prejudice their amended complaint against Georgia Highway Express, Inc., a co-defendant below, on the ground that they failed to comply with Florida Rule of Civil Procedure 1.190 regarding amendments to pleadings. We reverse and remand.
Appellants filed a complaint against Aero Mayflower Transit Co., Inc. (hereinafter “Aero Mayflower”), Lakeland Moving and Storage Co. (hereinafter “Lakeland Moving”), and appellee, alleging that furniture and furnishings of theirs had been lost and damaged while being transported by Aero Mayflower, stored by Lakeland Moving, and *225 re-transported by appellee. Appellants thereafter received information indicating that Lakeland Moving was not a corporation, as they had asserted in the complaint. Thus, they did not effectuate service of process upon Lakeland Moving, although they did so with respect to appellee and Aero Mayflower. After appellee and Aero Mayflower filed answers, appellee filed a motion to dismiss, contending that appellants had failed to join an indispensable party by not perfecting service of process upon Lakeland Moving.
Subsequent to conducting a hearing on appellee’s motion to dismiss, the court below rendered an order denying it without prejudice. The order “directed” appellants to effectuate service of process upon Lake-land Moving if they determined beforehand that it was a corporation or, if they ascertained that it was not a corporation, “authorized” them to amend the complaint by naming the real co-defendant as a party and then to accordingly effectuate service of process upon such party. The order did not establish any specific time limit for the filing of an amended complaint.
Eleven and one-half months after rendition of the order on appellee’s motion to dismiss, appellants filed an amended complaint, asserting that Lakeland Moving was a business being conducted by John and Margaret Thomas.[1] Appellee and Aero Mayflower thereafter submitted motions to dismiss the amended complaint.
After holding a hearing on the motions, the court rendered an order dismissing the amended complaint with prejudice as to appellee and Aero Mayflower. The order was based exclusively on the court’s belief that appellants had failed to comply with rule 1.190 by filing the amended complaint “almost one year after the entry of [its] Order.” This appeal ensued.[2]
Appellants argue initially on appeal that the court below misconstrued rule 1.190 by reading it to mean that they should have filed the amended complaint within twenty days after rendition of the order on appellee’s motion to dismiss for failure to join an indispensable party. Appellee disagrees.[3] We concur with appellants’ position.
Rule 1.190 reads in relevant part:
(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be given freely when justice so requires. A party shall plead in response to an amended pleading within 20 days after service of the amended pleading unless the court otherwise orders.
(e) Amendments Generally. At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an *226 amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.
(Emphasis added.)
Nowhere in rule 1.190 is there a requirement that an amendment to a pleading be filed within twenty days after rendition of a court’s order permitting such an amendment. Appellee cites Gordon v. Savage, 383 So.2d 646 (Fla. 5th DCA 1980), wherein our sister court commented that a dismissal with prejudice is mandated under rule 1.190 where an amendment is not filed within twenty days of an order granting leave to amend. But this comment by the court in Gordon is dicta. Moreover, it is dicta with which we cannot agree.
Appellants submit next that a dismissal of the amended complaint with prejudice was wrong because they assert that they did not violate the order on appellee’s motion to dismiss for failure to join an indispensable party. They explain that the order did not require the filing of an amended complaint within twenty days, or within any specific period of time, but merely authorized the filing of an amended complaint. Appellee responds that they failed to comply with the order. Again, we agree with appellants.
The order on appellee’s motion to dismiss for failure to join an indispensable party authorized an amended complaint if appellants first determined, as they later did, that Lakeland Moving was not a corporation. It did not mandate that an amended complaint be filed within any specific time period. Hence, it can hardly be said that appellants violated the order. The scope of the order appealed from lends additional support for our conclusion that appellants did not breach the order allowing for an amended complaint. The order appealed from rests solely on the court’s belief that appellants breached rule 1.190, not the earlier order.
Since appellants did not violate the order allowing for an amendment and did not breach rule 1.190, the court committed reversible error by granting appellee’s motion to dismiss pursuant to rule 1.420(b).[4]
Given the extent of our holding today, we need not address appellants’ other arguments on appeal.
Accordingly, we reverse the order granting appellee’s motion to dismiss with prejudice and remand for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
SCHEB and LEHAN, JJ., concur.

. Appellants had discovered about the time that the order on appellee’s motion to dismiss was filed that Lakeland Moving was not a corporation, but that the Thomases were doing business as Lakeland Moving. However, they had also received information around this time to the effect that they did not have a valid claim against the Thomases, doing business as Lakeland Moving. Although they obviously eventually concluded that they did have a legitimate claim, the delay apparently resulted from this uncertainty.

. After the filing of the appeal, we granted a joint motion for dismissal submitted by appellants and Aero Mayflower advising us that they had settled their dispute.

.Although there is not anything in the court’s order to suggest that the court interpreted rule 1.190 as requiring that an amended complaint should have been filed within twenty days, both parties agree that the court made such a construction of the rule. Since the transcript of the hearing on the motion to dismiss the amended complaint is not in the record, we conclude that the court made such an interpretation of the rule at the hearing.

. Florida Rule of Civil Procedure 1.420(b) provides in relevant part:
(b) Involuntary Dismissal Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court ....
(Emphasis added.)