565 So.2d 1384 (1990)
Bert ONG, D.M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION and Florida State Board of Dentistry, Appellee.
No. 89-1280.
District Court of Appeal of Florida, Fifth District.
August 23, 1990.
*1385 Richard I. Wallsh of Katz, Jaeger & Blankner, Orlando, for appellant.
Lisa S. Nelson, Appellate Atty., Dept. of Professional Regulation, Tallahassee, for appellee.
GRIFFIN, Judge.
This is the appeal of a final order of the State Board of Dentistry (the "Board") in a disciplinary proceeding. Appellant was reprimanded, fined and received a 90-day license suspension for negligent treatment of a patient and failure to keep adequate records.
Appellant contends that the Board's action is barred by the statute of limitations, laches and due process of law. He further urges error with respect to the Board's refusal to consider certain evidence in mitigation of the hearing officer's recommended penalty. Finally, appellant argues that the decision of the Board should be reversed because the Board failed to follow the dictates of section 455.225(5), Florida Statutes (1987). We affirm.
This disciplinary action arises out of appellant's treatment of a patient during 1982. The principal issue considered by the Board was whether appellant failed to meet the minimum standard of care involved in the patient's treatment when he did reconstructive work on her teeth and treated her for periodontal disease.
Prior to consulting appellant, in 1981 the patient had seen another dentist, Dr. Branham, who diagnosed periodontal disease and referred her to a specialist. The periodontist, Dr. Ferris, saw her one time, on September 1, 1981, diagnosed advanced, chronic periodontitis and recommended a course of treatment. In February, 1982 the patient consulted appellant and reported her prior consultations with Dr. Branham and Dr. Ferris. Appellant recommended a plan of treatment which he carried out between February and April, 1982. It was two years before the patient saw another dental professional, who advised her that appellant's treatment had been improper. In July, 1985 she filed a complaint with the Department of Professional Regulation ("DPR").
Appellant was notified of the complaint on September 10, 1985. Shortly thereafter, the complaint was referred to the Orlando office of the DPR for investigation. Between October 9, 1985 and May 1, 1986, the DPR attempted to enforce a subpoena duces tecum directed to appellant to obtain his x-rays and study models. The case file was referred back to the DPR in Tallahassee as "complete" on or about August 5, 1986. The investigative file included copies *1386 of appellant's records and the records of the complainant's other treating dentists, except Dr. Ferris. Dr. Ferris had only supplied a letter dated February 12, 1985 which summarized his treatment. Dr. Ferris' original records were later destroyed in a flood, in September, 1986.
On September 1, 1987, the DPR filed its initial complaint against appellant. Appellant elected a formal hearing on October 13, 1987 but apparently did not retain counsel until February, 1988. He then filed a motion for a continuance and a motion to dismiss the complaint on the ground that the action was more than five years old. On April 11, 1988, the motion was denied with leave to amend to demonstrate actual prejudice to appellant.
The hearing began on September 7, 1988. At the hearing, appellant objected to the introduction of Dr. Ferris' letter and all testimony derived from it but the hearing officer allowed this evidence. On December 9, 1988, the hearing officer issued her recommended order, finding that appellant's care was below minimum professional standards and recommending the penalty ultimately assessed by the Board. Appellant appeared before the Board on April 29, 1989 and sought unsuccessfully to introduce evidence in mitigation of the recommended penalty. The Board then adopted the findings of fact, conclusions of law and recommended penalty of the hearing officer.
Appellant's initial argument that the two year medical malpractice statute of limitations barred these proceedings against him fails because it is well established that, in the absence of specific legislative authority, civil or criminal statutes of limitation are inapplicable to administrative license revocation proceedings. See, e.g., Donaldson v. State Dep't of Health and Rehab. Services, 425 So.2d 145, 147 (Fla. 1st DCA 1983); Landes v. Dep't of Prof. Reg., 441 So.2d 686 (Fla. 2d DCA 1983), rev. denied, 451 So.2d 849 (Fla. 1984). See generally Annotation, Applicability of Statute of Limitations or Doctrine of Laches to Proceeding to Revoke or Suspend License to Practice Medicine, 51 A.L.R. 4th 1147, 1151 (1987).
Appellant next argues that either the doctrine of laches or procedural due process bars the Board's disciplinary action due to the DPR's delay in prosecuting the complaint. Possible application of the equitable principle of laches in disciplinary proceedings has been recognized in Florida. The Florida Bar v. McCain, 361 So.2d 700 (Fla. 1978). Subsequent to McCain, this court in dicta recognized a defense based on delay in a case involving proceedings to suspend or revoke a dentistry license. Gordon v. Savage, 383 So.2d 646 (Fla. 5th DCA), rev. denied, 389 So.2d 1110 (Fla. 1980). This court said:
The right to a prompt inquiry into criminal charges is fundamental and the State is obligated to provide a prompt hearing to prevent interference with the defendant's fair opportunity to defend himself. Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). Prejudice to one's defense by reason of the delay is required. State v. Griffin, 347 So.2d 692 (Fla. 1st DCA 1977)... . (W)e emphasize that the Fifth and Fourteenth Amendment guarantees of procedural due process ensure that proceedings to suspend or revoke Petitioner's license to practice dentistry must be essentially fair.
Id. at 649.
We see no interference in the present case with the rights described in Gordon. It appears that the complainant did not discover the negligent treatment for almost 2 1/2 years. Also, appellant was himself responsible for several lengthy delays, including the several months it took for the DPR to obtain his records. More importantly we disagree that appellant has demonstrated any prejudice due to any delay in commencement of this proceeding. His sole claim of prejudice turns on his objection that the failure of the DPR to obtain Dr. Ferris' original records prior to their destruction was prejudicial to his defense. The unavailability of Dr. Ferris' original records would not prevent the admissibility of the contents of Dr. Ferris' letter in an administrative hearing, however. Moreover, *1387 there is ample competent evidence in the record, without the Ferris letter, to support the findings of the hearing officer that appellant's care of the complainant was improper. Appellant has offered no proof that Dr. Ferris' original records would have exonerated him, and, to the extent that evidence favorable to appellant may have been lost, we note that appellant was advised of the complaint a year before the records were destroyed and could have taken action to obtain them himself.
Appellant also argues that he should have been allowed to address the Board and introduce documentary evidence in mitigation of his penalty prior to the Board's penalty decision.[1] Appellant acknowledges that the Board could not consider new evidence or testimony regarding its acceptance or rejection of the hearing officer's findings of fact but argues that the Board was free, based on the special knowledge of the members of the profession involved, to accept or reduce the recommended penalty.
Appellant relies on Hodge v. Dep't of Prof. Reg., 432 So.2d 117 (Fla. 5th DCA 1983) in which this court expressed the view that there was nothing improper in the Board's allowing the licensee to make a statement to the Board prior to announcing its determination of the appropriate penalty to be imposed. The Hodge court observed that section 120.57, Florida Statutes (1981), does not expressly forbid this practice and that it seems a fair and just procedure akin to the right of a convicted criminal to speak on his own behalf before sentencing. Id. at 118-119. Hodge, however, was decided prior to the 1984 amendment of section 120.57(1)(b)(9), Florida Statutes, which now requires an agency to state with particularity any reasons for departure from the hearing officer's recommended penalty and to cite to the record in justifying such action. The language of the amended statute indicates that any mitigating fact must already be within the record before it can be relied upon by the Board in modifying a recommended penalty. Additionally, because, under the statutory scheme, the hearing officer is the one charged with devising the recommended penalty, it is logical that the time to present any mitigating facts is at the administrative hearing. § 120.57(1)(b)(9), Fla. Stat. (1987). We see no harm in the Board permitting the accused to argue in mitigation, based on the record, but all evidence relied upon in support of mitigation should be part of the hearing record.
Appellant's final contention is that the final order should be reversed because one of the Board members that reviewed the recommended order of the hearing officer also served on the original probable cause panel. The Board acknowledges this was error but points out that there was no objection below. Appellee also urges the error was harmless in this case because the panel member was not an active participant and the Board's vote was unanimous. Indeed this Board member supported appellant's position that the Board should consider reduction of the recommended penalty. We agree with appellant that inclusion of a member of the probable cause panel in the Board's determination of the final order can infect the proceedings and require reversal for reconsideration by a properly constituted Board; however, on the present record we see no basis for doing so.
AFFIRMED.
DANIEL, C.J., and DAUKSCH, J., concur.
NOTES
[1] Appellant attempted to introduce into evidence the record forms he is currently using.